1  ALISON P. BUCHANAN – BAR NO. 215710
   apb@hogefenton.com
2  CRYSTAL N. RIGGINS – BAR NO. 264671
   cnr@hogefenton.com
3  HOGE, FENTON, JONES & APPEL, INC.
   Sixty South Market Street, Suite 1400
4  San Jose, California 95113-2396
   Phone: (408) 287-9501
5  Fax:  (408) 287-2583

6  Attorneys for Defendants
   THE GREAT BULL RUN, LLC and
7  LONE STAR RODEO, LLC

8

9                IN THE UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

11

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a non-profit corporation; PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GREAT BULL RUN, LLC; LONE STAR RODEO, LLC,<br><br>Defendants. | Case No. 3:14-cv-01171-MEJ<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULES 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Date:    July 3, 2014<br>Time:   10:00 a.m.<br>Dept.:   Courtroom B - 15th Floor<br>Honorable Magistrate Judge Maria-Elena James<br>Complaint Filed:    March 31, 2014 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 3, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Maria-Elena James, in Courtroom B - 15th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants THE GREAT BULL RUN, LLC and LONE STAR RODEO, LLC will move this Court to dismiss this action pursuant to Rules 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted) of the Federal Rules of Civil Procedure.

Defendant THE GREAT BULL RUN, LLC makes this motion to dismiss for lack of subject matter jurisdiction where Plaintiffs lack Article III standing and for lack of statutory standing for failure to state a claim upon which relief can be granted where Plaintiffs lack statutory standing and where Plaintiffs improperly seek to enforce Penal Code sections 597b and 597m through a private right of action.

Defendants' motion to dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, upon the complete file and records in this action, and upon such other matters as may be presented to the Court at or before the hearing on this motion.

## STATEMENT OF RELIEF SOUGHT

Defendants THE GREAT BULL RUN, LLC and LONE STAR RODEO, LLC seek an order dismissing Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

DATED: May 8, 2014

HOGE, FENTON, JONES & APPEL, INC.

By /s/ Alison P. Buchanan
Alison P. Buchanan
Attorneys for Defendants
THE GREAT BULL RUN, LLC and
LONE STAR RODEO, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs ANIMAL LEGAL DEFENSE FUND ("ALDF") and PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. ("PETA") bring a single cause of action for unfair business practices against THE GREAT BULL RUN, LLC ("The Great Bull Run") and LONE STAR RODEO, LLC ("Lone Star Rodeo") in an attempt to enjoin an event to which Plaintiffs object. However, Plaintiffs have suffered no injury in fact, nor have they suffered economic harm that would entitle them to relief. Thus, Plaintiffs lack both Article III standing and statutory standing. Finally, the allegedly illegal conduct that is the basis for Plaintiffs' Business & Professions Code section 17200 claim is not subject to enforcement by private right of action.

Plaintiffs make a variety of specious allegations in an attempt to circumvent the fact that Plaintiffs lack Article III and statutory standing. These arguments only highlight that Plaintiffs cannot cure the undeniable fact that they **have not suffered an injury in fact**, which is required for Article III standing **and** statutory standing. Specifically, Plaintiffs cannot allege an invasion of a legally protected interest that is concrete and particularized and actual and imminent, rather than conjectural or hypothetical. Instead, Plaintiffs allege that they have expended resources investigating and seeking to protect *others* from *potential* and *hypothetical* injury arising from the subject event. The remote threat of potential injury to someone else does not confer either Article III standing or statutory standing upon Plaintiffs.

Additionally, Plaintiffs lack statutory standing where they have **not suffered economic harm as a result of the allegedly illegal conduct**. California voters amended Business & Professions Code section 17204 in 2004 specifically to **limit a private party's standing under that statutory scheme to** instances where the private party has suffered injury in fact and **economic harm**. Allegedly voluntarily expending resources to research and prevent the remote threat of injury to someone else does not cure that Plaintiffs cannot satisfy this requirement.

Moreover, the Penal Code sections upon which Plaintiffs base their Business & Professions Code section 17200 claim (California Penal Code sections 597m, 597b and 597(b)) do not allow for enforcement through a private right of action. Plaintiffs' unfair competition cause of action is an

improper attempt to circumvent that Plaintiffs cannot bring a civil cause of action to enforce Penal Code sections 598m, 597b, and 597(b).

For all of these reasons, the Court should dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

## II. STATEMENT OF FACTS[1]

ALDF is a non-profit organization that describes itself as "dedicated to protecting the lives and advancing the interests of animals through legislation, litigation, public outreach, and media campaigns." (Complaint, ¶1). PETA is a non-stock corporation that describes itself as "dedicated to protecting animals from abuse, neglect, and cruelty." (Complaint, ¶2).

ALDF and PETA contend that The Great Bull Run organizes events wherein "panicked and agitated bulls chase down fleeing runners." (Complaint, ¶14). Plaintiffs complain against Defendant Lone Star Rodeo based on the allegation that supplies the bulls for these events. (Complaint, ¶18). Plaintiffs' Complaint apparently focuses on two events to take place in Temecula and Alameda County, California. (Complaint, ¶15).

Plaintiffs contend that the events "subject bulls to needless suffering, distress, and unnecessary cruelty." (Complaint, ¶21). Plaintiffs specifically contend that the events constitute bullfights, which are prohibited by California Penal Code section 597b. (Complaint, ¶49). However, the United States Department of Agriculture has already investigated these events and issued a letter in November 2013 determining that the events are rodeo-type events.[2] (*See* Request for Judicial Notice in Support of this Motion ("RFJN"), Exhibit 1). Specifically, the USDA's November 2013 letter states that "[a]fter attending the event and reviewing it in accordance with our AWA statutory and regulatory authority, also taking into account the information you provided, USDA has concluded that this is a rodeo-type event, which is exempt from AWA regulation..." (RFJN, Exhibit 1).

---

[1] Defendants do not admit the factual allegations contained in Plaintiffs' Complaint; in fact, Defendants deny most of the allegations contained in Plaintiffs' Complaint. For purposes of this motion only, Defendants acknowledge that they must generally accept Plaintiffs' allegations as true. See *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).
[2] The Court need not accept as true allegations contradicted by judicially noticeable facts. *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

-4-

Plaintiffs also contend that the subject events are hazardous to individual participants. (Complaint, ¶¶26-31). But Plaintiffs do not purport to be consumers or participants at the Great Bull Run events. Nor are Plaintiffs bringing this lawsuit on behalf of individual consumers that voluntarily signed up for (and paid to participate in) these events. Rather, the Complaint references only hypothetical harm to event participants, whose interests Plaintiffs do not represent.

In addition to the alleged harm to the bulls and to individual participants, ALDF and PETA claim in the Complaint to have expended organizational resources "combatting Defendants' illegal bull runs …" (Complaint, ¶¶1, 2). Such expenditures allegedly include consulting with veterinarians, drafting a white paper, researching federal law, sending letters to local officials, making public records requests, posting stories and "action alerts" to social media accounts, issuing press releases, recruiting and paying members to attend the events, and monitoring and filming the events. (Complaint, ¶¶38, 43). In addition, ALDF contends that because it has focused attention and resources on the Great Bull Run, ceasing to do so now would cause ALDF to lose face, and thereby "lose the support (financial and otherwise) of its members …" (Complaint, ¶41).

In essence, Plaintiffs have taken it upon themselves to investigate and oppose the Great Bull Run where persons other than Plaintiffs may potentially be harmed. Plaintiffs have voluntarily elected to dedicate their resources to researching and seeking to prevent such potential and hypothetical injuries. Plaintiffs contend that the Court should enjoin these events on the basis that they *might* allegedly violate various California Penal Code sections. (Complaint, ¶49).

As is apparent on the face of the Complaint, Plaintiffs have not suffered an injury in fact that would confer upon them either Article III standing or statutory standing to sue. Nor have Plaintiffs suffered economic injury, a threshold requirement for statutory standing to sue under California Business and Professions Code section 17200, *et seq*. Without standing to sue, Plaintiffs' Complaint is appropriately subject to dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Furthermore, Plaintiffs may not bring a private right of action to enforce the Penal Code sections referenced in Plaintiffs' Complaint.

## III. LEGAL STANDARDS

### A. Dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1).

Rule 12(b)(1) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) allows a party to move to dismiss an action for lack of subject matter jurisdiction. Lack of Article III standing deprives the court of subject matter jurisdiction, and thus, an Article III standing deficiency is properly challenged by a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mutual Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

"[T]he burden of proof in a 12(b)(1) motion is on the party asserting jurisdiction, and the court will presume lack of jurisdiction until the pleader proves otherwise." *Hornsby v. Lufthansa German Airlines*, 593 F.Supp.2d 1132, 1135 (C.D. Cal. 2009) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

### B. Dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges a complaint's compliance with federal court pleading requirements. Fed.R.Civ.P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly (Twombly)*, 550 U.S. 544, 555 (2007). To meet this requirement, the complaint must be supported by factual allegations. *Ashcroft v. Iqbal (Iqbal)*, 556 U.S. 662, 678 (2009).

"While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. *Id.* at 681. Specifically, "…conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state claim." *In re: Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996), *cert. denied*, 520 U.S. 1103 (1997) (internal citation and quotation marks omitted).

Generally, Courts prescribe a two step process for evaluating a motion to dismiss. First, courts identify the non-conclusory factual allegations. Second, courts determine whether those allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give

rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Plausibility," refers to whether the non-conclusory factual allegations, when assumed to be true, "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557).

Pursuant to Fed.R.Civ.P. 12(b)(6), a court should grant a motion to dismiss when "there is no legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Finally, where a plaintiff has not alleged a plausible claim and amendment is futile, the Court should dismiss the complaint, without leave to amend. *See Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991).

## IV. ARGUMENT

### A. Plaintiffs lack Article III standing, necessitating dismissal pursuant to 12(b)(1).

Federal courts may adjudicate only actual cases or controversies; federal courts may not offer advisory opinions. U.S. CONST. art. III, §2.

> [T]o satisfy Article III's standing requirements, a petitioner must demonstrate that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*NRDC v. United States EPA*, 735 F.3d 873, 878 (9th Cir. 2013) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citation omitted)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Fraley v. Facebook, Inc.*, 830 F.Supp.2d 785, 796 (N.D. Cal. 2011). "'[T]he irreducible constitutional minimum of standing contains three elements,' all of which the party invoking federal jurisdiction bears the burden of establishing." *Chandler*, 598 F.3d at 1122 (citing *Lujan*, 504 U.S. at 560-61).

Here, Plaintiffs cannot demonstrate that they have suffered an "injury in fact," i.e., "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Furthermore, Plaintiffs have not pled (and cannot plead) that their organizations have suffered ***actual and imminent invasion of a legally protected interest.***

-7-

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES -- CASE NO. 3:14-cv-01171-MEJ

Instead, Plaintiffs' Complaint only references potential and hypothetical injury and Plaintiffs' "harm" is limited to expending resources directed toward establishing a basis for bringing this very action.

Dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(1) is appropriate because the Court lacks subject matter jurisdiction over Plaintiffs' single cause of action.

### B. The Court should grant Defendants' Motion to Dismiss because Plaintiffs lack statutory standing.

#### 1. California's Unfair Competition Law regulates unlawful, unfair, and fraudulent business acts or practices.

California Business and Professions Code section 17200, *et seq.*, (the "Unfair Competition Law" or "UCL") broadly proscribes "'any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'" *Fraley*, 830 F.Supp.2d at 810 (quoting *In re Pomona Valley Med. Group, Inc.* 476 F.3d 665, 674 (9th Cir. 2007)). "The UCL is designed to ensure 'fair business competition' and governs both anti-competitive business practices and consumer injuries." *Id.* (citing *Boschma v. Home Loan Ctr., Inc.*, 198 Cal.App.4th 230, 251-252 (2011)).

#### 2. Plaintiffs cannot establish statutory standing to bring a UCL claim against Defendants because Plaintiffs have not suffered injury in fact and have not lost money or property.

The purpose of California's Unfair Competition Law "'is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.'" *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 320 (2011) (quoting *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002)). Section 17204 of California's Unfair Competition Law limits those authorized to bring actions as follows:

> Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or a district attorney or by a county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or by a city attorney of a city having a population in excess of 750,000, or by a city attorney in a city and county or, with the consent of the district attorney, by a city prosecutor in a city having a full-time city prosecutor in the name of the people of the State of California upon their own complaint or upon the complaint of a board, officer, person, corporation, or association, **or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.**

CAL. BUS. & PROF. CODE § 17204 (emphasis added). "Only those who have suffered injury in fact **and** lost money or property as a result of the alleged unfair competition may bring suit under the

UCL." *Fraley*, 830 F.Supp.2d at 810 (citing CAL. BUS. & PROF. CODE §17204) (emphasis added). "If Plaintiffs cannot allege both that they have suffered injury in fact *and* that they lost money or property as a result of an unlawful, unfair, or fraudulent business practice, then they lack statutory standing to sue under the UCL." *Id.* (citing *Peterson v. Cellco P'ship*, 164 Cal.App.4th 1583, 1590) (emphasis in original).

While statutory standing to bring a claim under California's Unfair Competition Law was once more expansive, in 2004 voters passed Proposition 64, the impact of which was significant:

> [T]he electorate has materially curtailed the universe of those who may enforce [the UCL]. As we recently explained: "In 2004, the electorate substantially revised the UCL's standing requirement; where once private suits could be brought by 'any person acting for the interests of itself, its members or the general public' (former §17204, as amended by Stats. 1993, ch. 926, §2, p. 5198), now private standing is limited to any 'person who has suffered injury in fact and has lost money or property' as a result of unfair competition (§17204, as amended by Prop. 64, as approved by voters, Gen. Elec. (Nov. 2, 2004)…

*Kwikset Corp.*, 51 Cal.4th at 320-321. The language of Proposition 64 reflects that the voters intended that the "injury in fact" requirement for the Unfair Competition Law be the same as the established federal meaning (for Article III standing) of "injury in fact." *Id.* at 322. That is, an invasion of a legally protected interest that is concrete and particularized and actual and imminent, not hypothetical or conjectural. *Id.* (citing *Lujan*, 504 U.S. at 560). However, the added language **requires economic injury in addition to injury in fact**, and "renders standing under 17204 substantially narrower than federal standing under article III, section 2 of the United States Constitution." *Id.* at 324.

Here, Plaintiffs have failed to establish statutory standing that would entitle them to assert a claim under California's Unfair Competition Law. Specifically, Plaintiffs have not suffered injury in fact and have not suffered economic harm. By Plaintiffs' own complaint, the sole "injury" they have suffered is voluntarily expending resources. This is not an injury. Plaintiffs have voluntarily sought out and taken up objecting to these events; such activity is Plaintiffs' very business.

As a policy matter, allowing Plaintiffs to plead around the UCL's standing requirement by simply alleging that Plaintiffs expended resources investigating and seeking to prevent hypothetical harm to others who have not complained would allow any potential plaintiff to contravene the UCL's strict statutory standing requirement of injury in fact and economic harm. Any person or

entity could essentially nullify Proposition 64's impact by expending resources investigating whatever conduct the plaintiff wants to enjoin under the guise of public protection, thereby conferring standing upon him or herself.

Finally, the Unfair Competition Law was specifically designed to protect competitors and consumers; Plaintiffs are neither of these things.

For these reasons, Plaintiffs do not have statutory standing to bring a claim against Defendants under California's Unfair Competition Law.

### C. Plaintiffs cannot state a claim upon which relief can be granted because the California Penal Code section on which Plaintiffs' UCL claim is based cannot be enforced through a private right of action in civil court.

Plaintiffs' Unfair Competition Claim is predicated solely on Defendants' allegedly illegal violations (and potential future violations) of California Penal Code sections 597m (bullfights), 597b (fighting, worrying or injuring of animals), and 597(b) (making cruelty to animals a crime). (*See* Complaint, ¶¶48, 49). However, these Penal Code sections are not enforceable through a private right of action in civil court. Thus, Plaintiffs' Unfair Competition Claim, premised *solely* on alleged violations of Penal Code sections that Plaintiffs cannot enforce, cannot stand.

*Animal Legal Defense Fund v. Mendes*, 160 Cal.App.4th 136 (2008), is instructive. In that matter the Animal Legal Defense Fund (also one of the Plaintiffs in the present action) and consumer plaintiffs sued defendant calf ranchers on two grounds: (1) the ALDF (only) alleged that the defendant calf ranchers violated California Penal Code §597t (failure to provide adequate exercise area for confined animal) by confining calves without an adequate exercise area; and (2) the consumers (only) alleged a violation of California's Unfair Competition Law based on the allegation that the consumers presumed that the dairy products they purchased were produced in accordance with California law. *Id.* at 140-41.

The court sustained a demurrer brought by defendant calf ranchers for failure to state a cause of action as to either cause of action. Specifically, after examining the statutory scheme and legislative intent, the court held that there is no private right of action to directly enforce California Penal Code §597t. *Id.* at 145. The court also held that the consumers lacked standing to bring a claim under the California Unfair Competition Law because the defendant calf ranchers' alleged

mistreatment of calves did not satisfy the two requirements needed to establish standing under §17204; that is, the consumer plaintiffs could not allege either injury in fact or lost money or property. *Id.* at 147.

Here, Plaintiffs have attempted to circumvent the fact that they cannot bring a private action to enforce Penal Code sections 597(b), 597b and 597m (part of the **same** statutory scheme as 597t) by alleging only an Unfair Competition Law cause of action. However, that cause of action is predicated on the alleged violations of Penal Code section 597(b), 597m and 597b. Allowing Plaintiffs to proceed on this theory – despite the clear ruling in *Animal Legal Defense Fund v. Mendes* (of which Plaintiffs are no doubt aware) – would allow Plaintiffs to circumvent the court's holding in *Animal Legal Defense Fund v. Mendes* by simply calling their enforcement action by a different name. Plaintiffs are well-are that they cannot enforce Penal Code sections 597(b), 597b and 597m by a private right of action. Now, they have simply re-labeled their enforcement cause of action as a Business and Professions section 17200 claim in an effort to avoid dismissal.

Plaintiffs cannot state a claim upon which relief can be granted. The Court should dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice.

DATED: May 8, 2014

HOGE, FENTON, JONES & APPEL, INC.

By /s/ Alison P. Buchanan
    Alison P. Buchanan
    Attorneys for Defendants
    THE GREAT BULL RUN, LLC and
    LONE STAR RODEO, LLC

## CERTIFICATE OF SERVICE

I hereby certify that this/these document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 8, 2014.

DATED: May 8, 2014

/s/ Alison P. Buchanan
Alison P. Buchanan
HOGE, FENTON, JONES & APPEL, INC.