ALISON P. BUCHANAN – BAR NO. 215710
apb@hogefenton.com
CRYSTAL N. RIGGINS – BAR NO. 264671
cnr@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax:  (408) 287-2583

Attorneys for Defendants
THE GREAT BULL RUN, LLC and
LONE STAR RODEO, LLC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a non-profit corporation; PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., a non-profit corporation;<br><br>  Plaintiffs,<br><br> vs.<br><br>THE GREAT BULL RUN, LLC; LONE STAR RODEO, LLC,<br><br>  Defendants. | Case No. 3:14-cv-01171-MEJ<br><br>DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT |

Defendants THE GREAT BULL RUN, LLC and LONE STAR RODEO, LLC answer the Complaint of Plaintiffs ANIMAL LEGAL DEFENSE FUND (ALDF) and PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. (PETA) as follows:

In responding to the allegations in the paragraph entitled **Jurisdiction**, Defendants admit that all defendants are citizens of different states disputing more than $75,000, pursuant to 28 U.S.C. section 1332.  Defendants admit that the Court has personal jurisdiction over the Defendants. Defendants deny the remaining allegations contained therein.

In responding to the allegations in the paragraph entitled **Venue**, Defendants admit that venue is appropriate.  Defendants deny the remaining allegations contained therein.

In responding to the allegations in the paragraph entitled **Intradistrict Assignment**, Defendants admit that a substantial part of the events that give rise to this action will occur in Alameda County. Defendants are without knowledge or information sufficient to form a belief as to the allegation regarding the residence of Plaintiff Animal Legal Defense Fund and on that basis Defendants deny that allegation. Defendants deny the remaining allegations contained therein.

In responding to the allegations in **Section I**, entitled **Introduction**, Defendants deny each of the allegations contained therein.

1. In responding to the allegations in Paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

2. In responding to the allegations in Paragraph 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

3. In responding to the allegations in Paragraph 3, Defendants admit the allegations contained therein.

4. In responding to the allegations in Paragraph 4, Defendants admit the allegations contained therein.

5. In responding to the allegations in Paragraph 5, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

6. In responding to the allegations in Paragraph 6, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

7. In responding to the allegations in Paragraph 7, Defendants admit that Plaintiffs' Complaint alleges one cause of action pursuant to California's Unfair Competition Law, Business & Professions Code section 17200. Defendants deny the remaining allegations contained therein.

8. In responding to the allegations in Paragraph 8, Defendants admit that Plaintiffs' Complaint alleges one cause of action pursuant to California's Unfair Competition Law, Business &

Professions Code section 17200.  Defendants deny the remaining allegations contained therein.

9. In responding to the allegations in Paragraph 9, Defendants admit that Business and Professions Code sections 17203 and 17204 identify who has standing to bring a cause of action pursuant to California's Unfair Competition Law, Business & Professions Code section 17200. Defendants deny the remaining allegations contained therein.

10. In responding to the allegations in Paragraph 10, Defendants admit that that California Penal Code section 597b relates to "fighting, worrying or injuring of animals" and makes the conduct described in that specific Penal Code section a misdemeanor.  Defendants deny the remaining allegations contained therein.

11. In responding to the allegations in Paragraph 11, Defendants admit that that California Penal Code section 597b relates to "fighting, worrying or injuring of animals" and makes the conduct described in Penal Code section 597b a misdemeanor.  Defendants deny the remaining allegations contained therein.

12. In responding to the allegations in Paragraph 12, Defendants admit that that California Penal Code section 597m relates to bullfights and makes the conduct described within Penal Code section 597m a misdemeanor.  Defendants deny the remaining allegations contained therein.

13. In responding to the allegations in Paragraph 13, Defendants admit that California Penal Code section 597(b) relates to cruelty to animals and makes a person who engages in the conduct described therein "guilty of a crime punishable pursuant to subdivision (d)" of Penal Code section 597(b) .  Defendants deny the remaining allegations contained therein.

14. In responding to the allegations in Paragraph 14, Defendants admit that Defendant the Great Bull Run, LLC has previously organized Great Bull Run events.  Defendants deny the remaining allegations contained therein.

15. In responding to the allegations in Paragraph 15, Defendants admit that additional Great Bull Run events are planned for 2014, including an event on July 26, 2014 at the Alameda County Fairgrounds.  Defendants deny the remaining allegations contained therein.

16. In responding to the allegations in Paragraph 16, Defendants deny each and every

allegation contained therein.

17. In responding to the allegations in Paragraph 17, Defendants admit that an injunction in this matter would damage Defendants. However, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny each and every remaining allegation contained therein.

18. In responding to the allegations in Paragraph 18, Defendants admit that Lone Star Rodeo operates a ranch in Kentucky that supplies bulls and steers to the Great Bull Run for its events. Defendants deny the remaining allegations contained therein.

19. In responding to the allegations in Paragraph 19, Defendants deny each and every allegation contained therein.

20. In responding to the allegations in Paragraph 20, Defendants deny each and every allegation contained therein.

21. In responding to the allegations in Paragraph 21, Defendants deny each and every allegation contained therein.

22. In responding to the allegations in Paragraph 22, Defendants deny each and every allegation contained therein.

23. In responding to the allegations in Paragraph 23, Defendants deny each and every allegation contained therein.

24. In responding to the allegations in Paragraph 24, Defendants deny each and every allegation contained therein.

25. In responding to the allegations in Paragraph 25, Defendants deny each and every allegation contained therein.

26. In responding to the allegations in Paragraph 26, Defendants deny each and every allegation contained therein.

27. In responding to the allegations in Paragraph 27, Defendants deny each and every allegation contained therein.

28. In responding to the allegations in Paragraph 28, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said

1  allegation, and on that basis deny each and every allegation contained therein.

2      29.    In responding to the allegations in Paragraph 29, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

    30.    In responding to the allegations in Paragraph 30, Defendants admit that alcohol is available for purchase at Great Bull Run events. Defendants deny each and every remaining allegation contained therein.

    31.    In responding to the allegations in Paragraph 31, Defendants deny that Exhibit A of Plaintiff's Complaint is a true and correct copy of the Great Bull Run's Emergency Action and Event Operations Plan; Exhibit A appears to be a photograph (as referenced in Paragraph 24 of Plaintiffs' Complaint), the origin and authenticity of which is unknown to Defendants. Defendants deny each and every remaining allegation contained therein.

    32.    In responding to the allegations in Paragraph 32, Defendants deny each and every allegation contained therein.

    33.    In responding to the allegations in Paragraph 33, Defendants admit that participants of the Great Bull Run are required to sign a waiver. Defendants deny that Exhibit B is a true and correct copy of any such waiver. Exhibit B appears to be a photograph, (as referenced in Paragraph 24 of Plaintiffs' Complaint), the origin and authenticity of which is unknown to Defendants. Defendants deny each and every allegation contained therein.

    34.    In responding to the allegations in Paragraph 34, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein because there is no purported waiver attached to Plaintiffs' Complaint as Exhibit B or as any other exhibit, and on that basis Defendants deny each and every allegation contained therein.

    35.    In responding to the allegations in Paragraph 35, Defendants admit that they previously planned to hold a Great Bull Run event in Lake Elsinore, California. Defendants deny all of the remaining allegations contained therein.

    36.    In responding to the allegations in Paragraph 36, Defendants deny that Exhibit C is a copy of the letter Plaintiffs claim Defendants received from Lake Elsinore. Exhibit C appears to be

a photograph, the origin and authenticity of which is unknown to Defendants.  Defendants deny each and every allegation contained therein.

37. In responding to the allegations in Paragraph 37, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

38. In responding to the allegations in Paragraph 38, Defendants specifically deny that any alleged expenditure of resources by Plaintiffs constitutes an injury caused by Defendants that would confer standing on Plaintiffs for purposes of Article III and statutory standing pursuant to Business & Professions Code sections 17203 and 17204.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

39. In responding to the allegations in Paragraph 39, Defendants specifically deny that any alleged expenditure of resources by Plaintiffs constitutes an injury caused by Defendants that would confer standing on Plaintiffs for purposes of Article III and statutory standing pursuant to Business & Professions Code sections 17203 and 17204.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

40. In responding to the allegations in Paragraph 40, Defendants specifically deny that any alleged expenditure of resources by Plaintiffs constitutes an injury caused by Defendants that would confer standing on Plaintiffs for purposes of Article III and statutory standing pursuant to Business & Professions Code sections 17203 and 17204.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

41. In responding to the allegations in Paragraph 41, Defendants specifically deny that any alleged expenditure of resources by Plaintiffs constitutes an injury caused by Defendants that

would confer standing on Plaintiffs for purposes of Article III and statutory standing pursuant to Business & Professions Code sections 17203 and 17204.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

42. In responding to the allegations in Paragraph 42, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

43. In responding to the allegations in Paragraph 43, Defendants specifically deny that any alleged expenditure of resources by Plaintiffs constitutes an injury caused by Defendants that would confer standing on Plaintiffs for purposes of Article III and statutory standing pursuant to Business & Professions Code sections 17203 and 17204.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

44. In responding to the allegations in Paragraph 44, Defendants specifically deny that any alleged expenditure of resources by Plaintiffs constitutes an injury caused by Defendants that would confer standing on Plaintiffs for purposes of Article III and statutory standing pursuant to Business & Professions Code sections 17203 and 17204.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained therein.

45. In responding to the allegations in Paragraph 45, Defendants specifically deny that any alleged expenditure of resources by Plaintiffs constitute an injury caused by Defendants that would confer standing on Plaintiffs for purposes of Article III and statutory standing pursuant to Business & Professions Code sections 17203 and 17204.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said allegation, and on that basis deny each and every allegation contained

therein.

46. In responding to the allegations in Paragraph 46, Defendants reincorporate their responses to each previous paragraph. Specifically, Defendants admit each of those allegations previously admitted and deny each of those allegations previously denied.

47. In responding to the allegations in Paragraph 47, Defendants deny each and every allegation contained in this paragraph.

48. In responding to the allegations in Paragraph 48, Defendants deny each and every allegation contained in this paragraph.

49. In responding to the allegations in Paragraph 49, Defendants deny each and every allegation contained in this paragraph.

WHEREFORE, Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief in Plaintiffs' Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Lack of Standing

Plaintiffs lack standing to bring the claim alleged because Plaintiffs cannot satisfy the standing requirements of Article III of the United States Constitution or California Business and Professions Code section 17200, *et seq*.

### Second Affirmative Defense
### Lack of Subject Matter Jurisdiction

The Court lacks lack subject matter jurisdiction over Plaintiffs' claims because Plaintiffs cannot satisfy the standing requirements of Article III of the United States Constitution.

### Third Affirmative Defense
### Ripeness

Plaintiffs' claims are barred on the basis that the purported dispute is not ripe for adjudication where no activity has occurred in California as of the date of this pleading.

### Fourth Affirmative Defense
### Laches

Plaintiffs' claims are barred by the doctrine of laches because Plaintiffs delayed for years in asserting their claims.  Should the Court permit Plaintiffs to assert their claim at this time, Defendants will suffer undue prejudice.

### Fifth Affirmative Defense
### Failure to State a Claim Upon Which Relief Can Be Granted

Plaintiffs' claims are barred where Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

DATED: June 20, 2014

HOGE, FENTON, JONES & APPEL, INC.

By /s/_____
Alison P. Buchanan
Attorneys for Defendants
THE GREAT BULL RUN, LLC and
LONE STAR RODEO, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that this/these document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 20, 2014.

DATED: June 20, 2014

/s/ Alison P. Buchanan
Alison P. Buchanan
HOGE, FENTON, JONES & APPEL, INC.